1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

CODY A.T.B.,

7

                          Plaintiff,

8

        v.

9

COMMISSIONER OF SOCIAL
SECURITY,

10

                          Defendant.

Case No. 2:21-cv-00230-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11

12        Plaintiff has brought this matter for judicial review of defendant's denial of his

13 application for supplemental security income (SSI) benefits.

14        The parties have consented to have this matter heard by the undersigned

15 Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16 MJR 13.

17                    I.        ISSUES FOR REVIEW

18        1. Did the ALJ properly evaluate the medical opinion evidence?

19        2. Did the ALJ properly evaluate Plaintiff's subjective testimony?

20                    II.       BACKGROUND

21        On December 18, 2017, Plaintiff filed an application for SSI, alleging in this

22 application a disability onset date of September 21, 2017. Administrative Record ("AR")

23 220. Plaintiff's application was denied upon official review and upon reconsideration. AR

24 100, 110. A hearing was held before Administrative Law Judge ("ALJ") Kimberly Boyce

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

on January 13, 2020. AR 60–99. On February 10, 2020, ALJ Boyce issued a decision finding that Plaintiff was not disabled. AR 10–30. On January 25, 2021, the Social Security Appeals Council denied Plaintiff's request for review. AR 1–7.

Plaintiff seeks judicial review of the ALJ's February 10, 2020 decision. Dkt. 4.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of bipolar disorder, post-traumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), ossified calcaneal-navicular coalition fracture, and degenerative joint disease of the talonavicular joint. AR 16. Based on the limitations stemming from these impairments, the ALJ determined Plaintiff could perform a reduced range of medium work. AR 17–18. Relying on vocational expert ("VE") testimony, the ALJ found at step four that while Plaintiff had no past relevant work, he could perform other medium, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled. AR 23.

### 1. Whether the ALJ Properly Evaluated the Medical Opinion Evidence

Plaintiff assigns error to the ALJ's evaluation of three medical opinions from Ellen L. Walker, Ph.D. Dkt. 14, pp. 4–12. Dr. Walker evaluated Plaintiff on August 2, 2017,

1  November 22, 2017, and on July 24, 2019, each time performing a clinical interview and

2  mental status examination. *See* AR 439–46, 558–68. As the ALJ considered only the

3  latter two opinions, the Court addresses them first.

4      A. Medical Opinion Standard of Review

5        Under current Ninth Circuit precedent, an ALJ must provide "clear and

6  convincing" reasons to reject the uncontradicted opinions of an examining doctor, and

7  "specific and legitimate" reasons to reject the contradicted opinions of an examining

8  doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

9        The Social Security Administration changed the regulations applicable to

10  evaluation of medical opinions; hierarchy among medical opinions has been eliminated,

11  but ALJs are required to explain their reasoning and specifically address how they

12  considered the supportability and consistency of each opinion. *See* 20 C.F.R. §

13  416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed.

14  Reg. 5844-01 (Jan. 18, 2017).

15        Regardless of whether a claim pre- or post-dates this change to the regulations,

16  an ALJ's reasoning must be supported by substantial evidence and free from legal

17  error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*,

18  533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02

19  (9th Cir. 1983).

20        Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether

21  the medical opinion or finding is persuasive, based on whether it is supported and

22  whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No.

23  6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

24

25

1      B. November 2017 and July 2019 Opinions

2       In her first evaluation, Dr. Walker noted Plaintiff's diagnoses of bipolar disorder

3  and post-traumatic stress disorder and opined that Plaintiff would have marked, or

4  significant, limitations in her ability to communicate and perform effectively in a work

5  setting, learn new tasks, adapt to changes in a routine work setting, maintain

6  appropriate behavior in a work setting, understand, remember and persist in tasks by

7  following detailed instructions, and complete a normal workday and week without

8  interruptions from psychologically-based symptoms. AR 565. In the second evaluation,

9  she noted additional diagnoses of attention deficit-hyperactivity disorder, anxiety, and

10  depression, but opined that Plaintiff would have the same marked limitations as

11  assessed in her first evaluation, except that Plaintiff was now only moderately limited in

12  his ability to adapt to changes and to maintain appropriate behavior in a work setting.

13  AR 558–60.

14       The ALJ found this opinion unpersuasive, reasoning that it was inconsistent with

15  (1) Plaintiff's work activity and (2) treatment notes that showed improvement in Plaintiff's

16  symptoms when he complied with treatment. AR 22.

17       With respect to the ALJ's first reason, "[a]n ALJ may consider any work activity,

18  including part-time work, in determining whether a claimant is disabled[.]" *Ford*, 950

19  F.3d at 1156 (citing *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992)). In *Ford*,

20  the ALJ found that claimant's part-time work at Federal Express showed that the

21  claimant could in fact "sustain a work schedule, tolerate work-related stress, and

22  perform simple tasks." 950 F.3d at 1156. Here, the ALJ found only that, per Plaintiff's

23  "earnings record he was able to work at less than substantial gainful levels in the 4th

24

25

quarter of 2017, the 2nd quarter of 2018, and the 2nd quarter of 2019[.]" AR 19. The ALJ failed to make any specific findings regarding whether Plaintiff's part-time work activity was subject to a schedule and of a nature that indicated plaintiff could scale up and sustain full-time employment, or how the circumstances of the part-time work activity demonstrated Plaintiff's capacities were sufficient to tolerate work-related stress and perform simple tasks. Likewise, the ALJ failed to provide any specific explanation of how Dr. Walker's opinions of Plaintiff's limitations in ability to communicate and perform effectively in a work setting, or limitations in maintaining appropriate behavior, or completing a normal workday and work week without psychological interruptions were inconsistent with Plaintiff's minimal work activity. AR 15–16, 22.

With respect to the ALJ's second reason, an ALJ may discount an opinion as inconsistent with the record as a whole including evidence the claimant's condition improved and stabilized with treatment. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion."). Here, the ALJ noted that Plaintiff's attention improved when taking Ritalin and, later, Vyvanse; his irritability decreased from taking Lamictal and Namenda, and his nightmares diminished after being prescribed and taking Prazosin. AR 21 (citing AR 620, 623–24, 739, 846).

Plaintiff disputes this reason, contending that the medication he received only addressed his ADHD symptoms. Dkt. 13, pp. 9–10. However, as the ALJ observed, plaintiff felt his medication was controlling his anger outbursts, and his providers noted that his mood was stabilized, which indicates improvement beyond his ADHD

symptoms. AR 669–70, 846. Plaintiff also disputes the timing of the improvement as a reason to discount Dr. Walker's opinions, averring that the benefits of Plaintiff's medications were not noted until an August 21, 2019, clinical visit. Dkt. 13, pp. 12–13. But an ALJ must consider an opinion's consistency with the record as a whole, and the ALJ did so here, finding improvement during and after the period between Dr. Walker's examinations. *See* 20 C.F.R. § 416.920c(c)(2).

Plaintiff next argues that, because the issues that caused the limitations assessed by Dr. Walker stemmed from PTSD and not the bipolar disorder or ADHD for which he was prescribed medication, a finding of improvement in the latter conditions is irrelevant. Dkt. 13, pp. 9–10. However, Dr. Walker consistently did not attempt to parse out which of Plaintiff's symptoms came from which condition. Tr. 559, 565. In arguing otherwise, Plaintiff is reinterpreting the evidence rather than pointing to error. "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). Such is the case here. The ALJ did not err in relying on evidence of Plaintiff's improvement to find Dr. Walker's opinions less persuasive.

### C. August 2017 Opinion

Plaintiff also points to an opinion rendered by Dr. Walker in August 2017, unaddressed in the ALJ's opinion, in which Dr. Walker assessed more severe limitations than were assessed in either her November 2017 or 2019 opinions. Dkt. 13, p. 11. The ALJ erred by not mentioning or giving any reasons for rejecting the severe mental functional limitations Dr. Phillips described in his August 2017 opinion. AR 373–75.

1    However, the Court finds the ALJ's error to be harmless. An error is harmless if it is

2    "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r,*

3    *Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

4        The ALJ's valid reason for rejecting the November 2017 and July 2019

5    opinions—his improvement with medication—also applies to the August 2017 opinion.

6    *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (holding that valid reasons

7    for rejecting evidence apply equally well to similar evidence ALJ overlooked).

8        <u>2. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony</u>

9        Plaintiff assigns error to the ALJ's evaluation of his subjective symptom

10   testimony. Dkt. 13, pp. 12–17.

11       To reject a claimant's subjective complaints, the ALJ's decision must provide

12   "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted).

13   The ALJ "must identify what testimony is not credible and what evidence undermines

14   the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

15   Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for

16   rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at

17   834. "[B]ecause subjective descriptions may indicate more severe limitations or

18   restrictions than can be shown by medical evidence alone," the ALJ may not discredit a

19   subjective description "solely because it is not substantiated affirmatively by objective

20   medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

21       Plaintiff testified that his conditions, including post-traumatic stress disorder,

22   attention deficit-hyperactivity disorder, bipolar disorder, and foot issues, caused difficulty

23   in walking, talking, hearing, memory, completing tasks, concentration, following

24

25

1    instructions, understanding, and getting along with others. AR 249–56, 268–75, 282–89.

2    In addition, Plaintiff stated he would have difficulty maintaining attendance in a full-time

3    employment setting due to his anxiety, panic attacks, nightmares, anger episodes,

4    trouble focusing, a need to avoid certain people and activities, and trouble getting along

5    with others. AR 86–87, 91–92.

6         The ALJ did not give full credit to this testimony, reasoning that it was

7    inconsistent with (1) medical records that showed Plaintiff's condition improved with

8    treatment; (2) Plaintiff's activities of daily living; and (3) Plaintiff's part-time work activity.

9    AR 19.

10        With respect to the ALJ's first reason, an inconsistency with the objective

11   evidence may serve as a clear and convincing reason for discounting a claimant's

12   testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

13   1998). But an ALJ's decision may not reject a claimant's subjective symptom testimony

14   "solely because the degree of pain alleged is not supported by objective medical

15   evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60

16   F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than

17   pain).

18        As discussed above, the ALJ pointed to evidence showing Plaintiff's symptoms

19   had improved with treatment, and this improvement mitigated Plaintiff's anger episodes,

20   nightmares, and difficulty paying attention; this finding was supported by substantial

21   evidence. Plaintiff does not attempt to rebut this reasoning as applied to his subjective

22   symptom testimony in his opening brief or on reply. *See* Dkts. 13, 15. However, as

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

1   objective medical evidence cannot be the sole reason for discounting a claimant's

2   subjective symptom testimony, the Court turns to the ALJ's second reason.

3          With respect to the ALJ's second reason, a claimant's participation in everyday

4   activities, indicating capacities that are *transferable to a work setting*, may constitute

5   grounds for an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 630 (9th

6   Cir. 2007) (emphasis added). Yet, disability claimants should not be penalized for

7   attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*,

8   157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.

9   1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for

10  benefits)).

11         Here, the ALJ provided a long list of activities deemed inconsistent with Plaintiff's

12  testimony, including using a toilet, feeding himself, walking, riding a bicycle or driving,

13  going to the library and the store, watching videos, playing games, living on his own,

14  and managing his finances, as well as finding a roommate through Craigslist, speaking

15  with strangers, keeping appointments with his probation officer, talking to a friend, using

16  a dating app, and cleaning his room. AR 19. The ALJ stated that these activities were

17         [S]omewhat inconsistent with [Plaintiff's] testimony that he could not work
18         due to anxiety, panic attacks, and episodes of anger, that orthotics did not
           help, and that he would have difficulty maintaining attendance for a
           fulltime job. These inconsistencies do little to support his allegations of
19         disabling symptoms.

20  AR 19.

21         The ALJ did not explain how or why these activities were inconsistent with

22  Plaintiff's testimony. None of these activities indicate Plaintiff possessed capacities that

23  would be transferable to a work setting. Without more, Plaintiff's activities are not a clear

24

25

1    and convincing reason supporting an adverse credibility determination. *See Fair v.*

2    *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily

3    transferable to what may be the more grueling environment of the workplace, where it

4    might be impossible to periodically rest or take medication.").

5           With respect to the ALJ's third reason, an ALJ may rely on part-time work activity

6    to discredit a claimant's subjective symptom testimony. *Drouin v. Sullivan*, 966 F.2d

7    1255, 1258 (9th Cir. 1992). Here, the ALJ found Plaintiff worked in the 4th quarter of

8    2017, the 2nd quarter of 2018, and the 2nd quarter of 2019. AR 19 (citing AR 243–44,

9    247–48). The ALJ does not explain the specifics of this work activity in any further detail

10   or elaborate on how sporadic, part-time work across three nonconsecutive quarters

11   would contradict Plaintiff's testimony about having difficulty holding a job.

12          The ALJ's reliance on objective medical evidence is not, alone, sufficient to reject

13   Plaintiff's subjective symptom testimony; thus, the ALJ erred in rejecting this testimony

14   without substantial evidence to support the reasons.

15          A. <u>Harmless Error</u>

16          Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d

17   at 1115. An error is harmless only if it is not prejudicial to the claimant or

18   "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d at

19   1055; *see Molina*, 674 F.3d at 1115. The determination as to whether an error is

20   harmless requires a "case-specific application of judgment" by the reviewing court,

21   based on an examination of the record made "'without regard to errors' that do not affect

22   the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v.*

23   *Sanders*, 556 U.S. 396, 407 (2009)).

24

25

In this case, the ALJ's error was not harmless. If the ALJ did not have substantial evidence upon which to reject Plaintiff's subjective symptom statements, the ALJ may have incorporated limitations described by Plaintiff into the assessment of residual functional capacity. Had the ALJ incorporated such limitations, in turn, the ultimate disability determination may have changed. Accordingly, the ALJ's error was not harmless and requires reversal.

B. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

1   The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

2   satisfied, the district court still has discretion to remand for further proceedings or for

3   award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

4   In this case, the Court has directed the ALJ to re-evaluate Plaintiff's subjective

5   symptom testimony. *See* Section IV.2., *supra*. Because outstanding issues remain

6   regarding Plaintiff's testimony, the RFC, and Plaintiff's ability to perform jobs existing in

7   significant numbers in the national economy, remand for further consideration of this

8   matter is appropriate.

9   <u>CONCLUSION</u>

10   Based on the foregoing discussion, the Court finds the ALJ erred when she

11   determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore

12   is REVERSED and this matter is REMANDED for further administrative proceedings.

13   Dated this 6th day of December, 2021.

14

15

16   *Theresa L. Fricke*

17   Theresa L. Fricke
     United States Magistrate Judge

18

19

20

21

22

23

24

25